## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHRYN HANEGRAAF | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | |
| PAUL MORELLI DESIGN, INC. | : | |
| and PAUL MORELLI | : | NO. 2:16-CV-02848-LDD |

## ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANTS, PAUL MORELLI DESIGN, INC. AND PAUL MORELLI, TO PLAINTIFF'S COMPLAINT

1.   Denied as conclusions of law to which no response is required.

2.   Denied as conclusions of law to which no response is required.

3.   Denied as conclusions of law to which no response is required.

4.   Admitted in part; denied in part. It is admitted only that Plaintiff is an adult female. The remaining averments set forth herein are denied. Answering Defendants are without sufficient knowledge to provide a response to the remaining averments of this paragraph.

5.   Admitted.

6.   Admitted.

7.   Admitted.

8.   Admitted.

9.   Admitted.

10.     Admitted in part; denied in part. It is admitted only that Defendant PMD was an employer of the Plaintiff. The remaining averments of this paragraph are denied as conclusions of law to which no response is required.

11.     Denied as conclusions of law to which no response is required.

12.     Denied as conclusions of law to which no response is required.

13.     Denied. Answering Defendants are without sufficient knowledge to provide a response to the averments of this paragraph.

14.     Admitted in part; denied in part. Answering Defendant Paul Morelli admits only his current age, who is married with adult children. The remaining averments of this paragraph are denied. Answering Defendants are without sufficient knowledge to provide a response to the remaining averments of this paragraph.

15.     Admitted in part; denied in part. It is admitted only that Plaintiff was hired in or about September 2012. It is admitted only that Plaintiff's job duties were office/clerical work which included some photography. It is denied that Plaintiff was the head of marketing.

16.     Admitted in part; denied in part. It is admitted only that Plaintiff was separated from employment on or about March 21, 2013. The remaining averments of this paragraph are denied.

17.     Denied as stated. Plaintiff performed office/clerical duties.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied as stated. Plaintiff was asked if she was available to travel to a gem show for work-related purposes in Tucson, Arizona due to the unavailability of other employees. Plaintiff readily accepted.

28.     Admitted in part; denied in part. It is admitted only that Plaintiff traveled to the gem show in early February 2013. It is denied that Plaintiff was "directed" to travel to the gem show.

29.     Denied as stated. It is admitted only that Plaintiff and Mr. Morelli traveled on the same flight to Arizona and that they were guests at the same hotel in separate rooms. It is denied that Plaintiff and Mr. Morelli "stayed together."

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     It is admitted only that at times during the gem show, Plaintiff and Mr. Morelli walked through the convention center.

37.     Denied.

38.     Denied.

3

39.     Denied as stated. Plaintiff represented that she had friends in Arizona with whom she had made plans, that the plans fell through, and whether she could attend dinner with Mr. Morelli who had intended to dine alone. It is admitted only that they dined at the same table. The remaining averments of this paragraph are denied.

40.     Admitted.

41.     Denied as stated. It is admitted only that the table had a paper cover and crayons and that Plaintiff and Mr. Morelli played a game of "hangman." The remaining averments of this paragraph are denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied as stated. Plaintiff represented that she intended to travel on the same return flight from Arizona as Mr. Morelli, that her plans with friends were not taking place, and she voluntarily chose to attend dinner with Mr. Morelli who intended to dine alone. The remaining averments of this paragraph are denied.

48.     Denied. Plaintiff purchased a drink for Mr. Morelli at the bar before dinner.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     It is admitted only that Plaintiff had returned from the business trip to the gem show in Arizona and returned to the PMD office by February 11, 2013. The remaining averments of this paragraph are denied.

61.     Admitted only that no specific PMD employee held the official title of "head of human resources." The remaining averments of this paragraph are denied.

62.     Denied in that Answering Defendants are without sufficient knowledge to provide a response to the averments of this paragraph.

63.     Denied in that Answering Defendants are without sufficient knowledge to provide a response to the averments of this paragraph.

64.     Denied in that Answering Defendants are without sufficient knowledge to form a belief as to Plaintiff's alleged state of mind.

65.     Denied in that Answering Defendants are without sufficient knowledge to form a belief as to Plaintiff's alleged state of mind.

66.     Denied in that Answering Defendants are without sufficient knowledge to form a belief as to Plaintiff's alleged state of mind.

67.     It is admitted only that John Winkler, VP Sales, is the son-in-law of Paul Morelli. The remaining averments of this paragraph are denied.

68.   Denied.

69.   Denied as stated. It is admitted only that sometime after the business trip to Arizona, when Mr. Winkler asked Plaintiff about how the business trip went, Plaintiff claimed that incidents took place. The averments of this paragraph are otherwise denied.

70.   Denied.

71.   Denied.

72.   Denied.

73.   Denied. Answering Defendants are without sufficient knowledge to form a belief as to Plaintiff's alleged state of mind.

74.   Denied. Answering Defendants are without sufficient knowledge to form a belief as to Plaintiff's alleged state of mind. It is denied that Mr. Morelli promised a promotion or a pay raise to Plaintiff. The averments of this paragraph are otherwise denied.

75.   It is admitted only that Plaintiff told Mr. Winkler that she did not want him to do anything. The averments of this paragraph are otherwise denied as stated.

76.   Denied as stated. Plaintiff instructed Mr. Winkler not to do anything.

77.   Denied.

78.   Denied.

79.   Denied.

80.   Denied that Plaintiff made a complaint to Ms. Ferguson in March 2013. Ms. Ferguson was the Office Manager, not head of customer service. The averments of this paragraph are otherwise denied.

81.     Denied as stated. It is denied that sexually harassing behavior took place. In or about February 2013, Plaintiff told Ms. Ferguson that she claimed that incidents took place at the gem show in Arizona. The averments of this paragraph are otherwise denied.

82.     Denied as stated. Some days of the week, Mr. Morelli had a gym bag at work.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Admitted in part; denied in part. It is admitted only that one day in March 2013, Mr. Winkler was present in the office when Plaintiff said something and got up from her chair and left the office. It is admitted that Mr. Winkler did not observe the alleged incident. The remaining averments of this paragraph are denied.

87.     Denied as stated. Plaintiff said something and then left the office.

88.     Denied as stated. Plaintiff said something and left the office.

89.     Admitted in part; denied in part. It is admitted only that Plaintiff sent a text message to Mr. Morelli. The remaining averments of this paragraph are denied.

90.     Admitted. The allegations made in the text message were not true.

91.     Denied as stated. Plaintiff forwarded the same text message that she sent to Mr. Morelli to Mr. Winkler.

92.     It is admitted only that Plaintiff forwarded the same text message that she sent to Mr. Morelli to Mr. Winkler. The remaining averments of this paragraph are denied.

93.     Denied.

94.     Admitted in part; denied in part. It is admitted only that on March 18, 2013, at approximately 6:45 pm, Plaintiff sent a text message to Mr. Winkler. It is denied that the text

message stated that Plaintiff "hoped that Winkler would support her." The message speaks for itself. The remaining averments of this paragraph are denied.

95.     Denied as stated. It is admitted only that on March 18, 2013, Mr. Winkler responded to a text message from Plaintiff. The text message speaks for itself. The remaining averments of this paragraph are denied.

96.     Denied as stated. The text messages speak for themselves. The remaining averments of this paragraph are denied.

97.     Denied as stated. Mr. Winkler informed Plaintiff that they would have a meeting on March 19, 2013.

98.     Denied.

99.     Admitted.

100.    Denied.

101.    Denied as stated. Mr. Morelli denied the Plaintiff's allegations.

102.    Denied.

103.    Denied as stated. Mr. Morelli did eventually leave the meeting room.

104.    Denied.

105.    Denied as stated. Mr. Morelli did eventually leave the meeting room.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.   Denied as stated. By way of further answer, Mr. Morelli denied the Plaintiff's allegations.

112.   Denied as stated. By way of further answer, Mr. Morelli denied the Plaintiff's allegations.

113.   Admitted in part; denied in part. It is admitted only that Steve Morelli is Paul Morelli's brother and is an employee of PMD. The remaining allegations of this paragraph are denied.

114.   Denied.

115.   Denied.

116.   Denied.

117.   Denied.

118.   Denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.   It is admitted only that Plaintiff was at PMD on or about March 21, 2013. The remaining averments of this paragraph are otherwise denied.

125.   Denied as to the answering defendants' knowledge of the Plaintiff's alleged state of mind.

126.   Denied as to answering defendants' knowledge of the content of any communication that Plaintiff allegedly heard on a telephone line. Plaintiff's characterization is otherwise denied.

127.   Denied.

128.   It is admitted only that Steve Morelli spoke to Plaintiff on March 21, 2013. The remaining averments of this paragraph are denied.

129.   It is admitted only that the Plaintiff's employment with PMD was terminated on or about March 21, 2013. The remaining averments of this paragraph are denied.

130.   Denied as to answering defendants' knowledge of Plaintiff's alleged state of mind. It is admitted only that Plaintiff cried when informed of her separation from employment. The remaining allegations of this paragraph are denied.

131.   Denied.

132.   Denied as stated.

133.   Denied.

134.   Denied.

135.   It is admitted only that Plaintiff left after her separation from employment. The remaining averments of this paragraph are denied.

136.   Denied in fact and denied as conclusion of law to which no response is required.

137.   Denied in fact and denied as conclusion of law to which no response is required.

138.   Denied in fact and denied as conclusion of law to which no response is required.

139.   Denied in fact and denied as conclusion of law to which no response is required.

140.   Denied in fact and denied as conclusion of law to which no response is required.

141.   Denied in fact and denied as conclusion of law to which no response is required.

142.   Denied in fact and denied as conclusion of law to which no response is required.

143.   Denied in fact and denied as conclusion of law to which no response is required.

144.   Denied in fact and denied as conclusion of law to which no response is required.

145.   Denied in fact and denied as conclusion of law to which no response is required.

146.   Denied in fact and denied as conclusion of law to which no response is required.

147.   Denied in fact and denied as conclusion of law to which no response is required.

148.   Denied in fact and denied as conclusion of law to which no response is required.

149.   Denied in fact and denied as conclusion of law to which no response is required.

150.   Denied in fact and denied as conclusion of law to which no response is required.

151.   Denied in fact and denied as conclusion of law to which no response is required.

152.   Denied in fact and denied as conclusion of law to which no response is required.

153.   Denied in fact and denied as conclusion of law to which no response is required.

154.   Denied in fact and denied as conclusion of law to which no response is required.

156.   Denied in fact and denied as conclusion of law to which no response is required.

157.   Denied in fact and denied as conclusion of law to which no response is required.

158.   Denied in fact and denied as conclusion of law to which no response is required.

159.   Denied in fact and denied as conclusion of law to which no response is required.

160.   Denied in fact and denied as conclusion of law to which no response is required.

161.   Denied as conclusion of law to which no response is required.

162.   Denied as conclusion of law to which no response is required.

163.   Denied in fact and denied as conclusion of law to which no response is required.

164.   Denied as conclusion of law to which no response is required.

165.   Denied as conclusion of law to which no response is required.

166.   Denied in fact and denied as conclusion of law to which no response is required.

167.   Denied as conclusion of law to which no response is required.

168.   Denied in fact and denied as conclusion of law to which no response is required.

169.   Denied in fact and denied as conclusion of law to which no response is required.

170.   Denied in fact and denied as conclusion of law to which no response is required.

171.   Denied as conclusion of law to which no response is required.

172.   Denied.

173.   Denied in fact and denied as conclusion of law to which no response is required.

174.   Denied as conclusion of law to which no response is required.

175.   Denied in fact and denied as conclusion of law to which no response is required.

176.   Denied in fact and denied as conclusion of law to which no response is required.

177.   Denied in fact and denied as conclusion of law to which no response is required.

178.   Denied in fact and denied as conclusion of law to which no response is required.

179.   Denied in fact and denied as conclusion of law to which no response is required.

180.   Denied in fact and denied as conclusion of law to which no response is required.

181.   Denied in fact and denied as conclusion of law to which no response is required.

182.   Denied in fact and denied as conclusion of law to which no response is required.

183.   Denied in fact and denied as conclusion of law to which no response is required.

184.   Denied in fact and denied as conclusion of law to which no response is required.

185.   Denied as conclusion of law to which no response is required.

186.   Denied in fact and denied as conclusion of law to which no response is required.

187.   Denied in fact and denied as conclusion of law to which no response is required.

188.   Denied in fact and denied as conclusion of law to which no response is required.

189.   Denied as conclusion of law to which no response is required.

190.   Denied as conclusion of law to which no response is required.

191.   Denied as conclusion of law to which no response is required.

192.   Denied as stated. The charge was marked "received" by the EEOC on January 10, 2014 and as cross-filed with the Philadelphia Commission on Human Relations.

193.   Denied. Answering defendants have no knowledge of the date on which Plaintiff received the EEOC Dismissal and Right to Sue Notice, which was dated March 8, 2016.

194.   Denied as conclusion of law to which no response is required.

## COUNT 1

195.   Answering Defendants incorporate herein by reference their answers to paragraphs 1 through 194 above inclusive as though set forth herein at length.

196.   Denied as conclusion of law to which no response is required.

197.   Denied as conclusion of law to which no response is required.

198.   Denied as conclusion of law to which no response is required.

199.   Denied as conclusion of law to which no response is required.

200.   Denied as conclusion of law to which no response is required.

201.   Denied as conclusion of law to which no response is required.

202.   Denied as conclusion of law to which no response is required.

203.   Denied as conclusion of law to which no response is required.'

## COUNT 2

204.   Answering Defendants incorporate herein by reference their answers to paragraphs 1 through 203 above inclusive as though set forth herein at length.

205.   Denied as conclusion of law to which no response is required.

206.   Denied as conclusion of law to which no response is required.

207.   Denied as conclusion of law to which no response is required.

208.   Denied as conclusion of law to which no response is required.

209.   Denied as conclusion of law to which no response is required.

WHEREFORE, Defendants, Paul Morelli Design, Inc. and Paul Morelli, deny that they are liable on the causes of action declared upon and demand judgment in their favor and against the Plaintiff, together with costs of suit and attorney's fees.

## AFFIRMATIVE DEFENSES

1.   Plaintiff has failed to state a claim for which relief can be granted.

2.   Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations, the relevant provisions of which are incorporated herein by reference as if more fully set forth at length.

3.   Some or all of Plaintiff's claims are barred in whole or in part by the equitable doctrines of waiver, estoppel, collateral estoppel, and/or unclean hands.

4.   Some or all of Plaintiff's claims are barred by failure to exhaust administrative remedies.

5.    Answering Defendants' conduct with respect to Plaintiff was based on legitimate, non-discriminatory and non-retaliatory reasons, and was not in violation of any statute, law, rule, regulation or ordinance.

6.  Answering Defendant avers that the allegations contained in the Complaint are not sufficiently severe and pervasive to constitute an intimidating, hostile or offensive work environment.

7.  Plaintiff's claims are barred, in whole or in part, by a failure to mitigate damages.

8.  Any damages suffered by Plaintiff were not proximately caused by Answering Defendant.

9.  Plaintiff has failed to prove any harm or damages resulted to her in connection with any of her claims.

10. Plaintiff is barred from recovering punitive damages in this action. Answering Defendants did not engage in any unlawful practice, act, or omission, let alone with malice or reckless indifference to Plaintiff's federally protected rights.

11. At all times, Answering Defendants acted in good faith and with reasonable belief that its actions were in accordance with all applicable laws.

12. Plaintiff's alleged damages, if any, must be set off and/or reduced by any wages, compensation and any other remuneration or benefits received by Plaintiff.

13. Answering Defendant reserves the right, subject to the Court's approval, to assert all such affirmative defenses and other defenses as appropriate.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor on all claims asserted in the Complaint, together with all interest, costs and fees permitted by law and such other and further relief as the Court may deem just and equitable.

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP


BY:   /s/ Tracy A. Walsh_____
      Tracy A. Walsh, Esquire
      I.D. #62481
      2000 Market Street, Suite 1300
      Philadelphia, PA 19103
      Phone (215) 972-7900
      Fax (215) 564-7699
      Email twalsh@wglaw.com

      *Attorneys for Defendants,*
      *Paul Morelli Design, Inc.*
      *and Paul Morelli*

## CERTIFICATE OF SERVICE

I, Tracy A. Walsh, Esquire hereby certify that a true and correct copy of the foregoing *Answer with Affirmative Defenses of Defendants to Plaintiff's Complaint* was served in accordance with the notice of electronic filing upon the following counsel of record on the date set forth below:

Patricia V. Pierce, Esquire
Noah Cohen, Esquire
Greenblatt Pierce Engle Funt & Flores, LLC
123 South Broad Street, Suite 2500
Philadelphia, PA 19109
*Attorneys for Plaintiff*

Andrew Dwyer, Esquire
Dwyer & Barrett, L.L.C.
17 Academy Street, Suite 1201
Newark, NJ 07102
*Attorneys for Plaintiff*

/s/ Tracy A. Walsh
Tracy A. Walsh, Esquire

DATE: August 18, 2016